IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SUSANA E. PARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:22-cv-43-RAH-JTA |
| ) | |
| EXPERIAN, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the Complaint filed by Plaintiff Susana E. Parris, who is proceeding *pro se.* (Doc. No. 1.) This action has been referred to the undersigned for further proceedings and determination or recommendation as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 3.)

For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice.

**I.   JURISDICTION**

This court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff alleges a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*[1]

**II.   DISCUSSION**

On January 24, 2022, Plaintiff Susana E. Parris filed this action *pro se* and moved for leave to proceed *in forma pauperis*. (Docs. No. 1, 2.) On January 27, 2022, the court

---
[1] (*See* Doc. No. 1 at 3.)

granted the motion to proceed *in forma pauperis* and directed the Clerk of the Court "to defer service of process on the defendant(s) until further order of the court, following the court's § 1915(e) review of the plaintiff's complaint." (Doc. No. 4.)

On August 24, 2023, the court entered an Order stating that it had "reviewed the Complaint and is satisfied that the Complaint is not subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) – (iii)." (Doc. No. 5 at 1.) The court directed the Clerk to proceed with service of process on Defendant Experian according to procedure. (*Id.* at 2.) To enable the Clerk to proceed with service of process, on the same date, the court ordered Plaintiff to file with the Clerk's Office as soon as possible one proposed summons per defendant. (*Id.* at 1-2.) The Order further notified Plaintiff that, under Rule 4(m) of the Federal Rules of Civil Procedure, she was responsible for having the summons and complaint served within the 90-day time limit for service and that, if Defendant was not served within that time limit, the case may be dismissed without prejudice. (*Id.* at 2.) The court instructed Plaintiff how to obtain the appropriate form for the summons online and directed the Clerk of the Court to provide her with a hard copy of the form. (*Id.*) Plaintiff took no action.

On October 12, 2023, the court entered an Order noting that Plaintiff had previously been directed to provide the Clerk of the Court one proposed summons per Defendant so that the Clerk could proceed with issuing service of process. (Doc. No. 6 at 1.) The court further observed that, "[t]o date, Plaintiff has not provided the required service material." (*Id*. at 1.) Therefore, the court "[ordered] that, **on or before November 22, 2023**, Plaintiff shall provide the Clerk with the required summons **or** show cause why

she has not done so." (*Id*. (emphasis in original).) The court again instructed Plaintiff how to obtain the appropriate summons form online and directed the Clerk of the Court to provide her with another hard copy of the form. (*Id*.) The court also reminded Plaintiff of her obligation under Rule 4(m). (*Id*. at 1-2.) In addition, the court advised Plaintiff as follows:

> ***Failure to comply with this Order may result in sanctions, including dismissal of this action with or without prejudice for failure to prosecute and/or for failure to comply with court orders. Failure to comply with this Order may also lead to dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.***

(*Id*. at 2 (emphasis in original).) Again, Plaintiff took no action.

On December 8, 2023, over 90 days after the court lifted the stay on service, the court entered an Order requiring Plaintiff to show cause why this action should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, for failure to prosecute and for failure to comply with court orders. (Doc. No. 8.) The court again advised Plaintiff that "***Failure to comply with this Order or any order entered in this case may result in sanctions, including dismissal of this action with or without prejudice for failure to prosecute and/or for failure to comply with court orders.***" (*Id*. at 3.) To date, Plaintiff has neither served Defendant Experian nor filed a response.

Federal Rule of Civil Procedure 4(m) requires that a defendant be served within 90 days of the filing of a complaint or else be dismissed without prejudice. *See* Fed. R. Civ. P. 4(m). Here, considering the court ordered the Clerk of Court to proceed with service of process on August 24, 2023, Plaintiff's 90-day time period for serving the Complaint on Defendant Experian expired on November 27, 2023. The undersigned finds nothing in the

record warranting an extension of Plaintiff's time for serving Defendant Experian.[2] Accordingly, Plaintiff's claims against Defendant Experian are due to be dismissed under Rule 4(m).

Alternatively, Plaintiff's claims against Defendant Experian are subject to dismissal for Plaintiff's failure to prosecute and comply with this court's orders. A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link,* 370 U.S. at 629–30. This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.,* 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d

---

[2] Under the circumstances of this case, the Court concludes that the running of the applicable limitation period during the pendency of this action does not warrant an extension of the time for service. *See Boston v. Potter*, 185 F. App'x. 853, 854 (11th Cir. 2006) (explaining that "[w]hile the running of the limitations period is a factor the district court may consider in determining whether to dismiss a complaint under Rule 4(m), the district court is not required to give this controlling weight"); *Grier v. Lee Cnty. Comm'n*, No. 3:16-CV-931-SRW, 2019 WL 919005, at *4 (M.D. Ala. Feb. 25, 2019) (quotation marks and citation omitted) ("To excuse Plaintiff's failure to comply with Rule 4(m) at this juncture would permit the exception to swallow the rule, and would be inconsistent with the purpose of the civil rules, which is to secure the just, speedy, and inexpensive determination of every action and proceeding.).").

at 102. Based on Plaintiff's failure to obey court orders and prosecute this case, the undersigned concludes this case should be dismissed without prejudice.

### III.     CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that

1.     Plaintiff's claims against Defendant Experian be DISMISSED without prejudice under Federal Rule of Civil Procedure 4(m).

2.     Plaintiff's claims against Defendant Experian be DISMISSED without prejudice for failure to prosecute and comply with this Court's orders.

It is further ORDERED that **on or before April 18, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. The parties are advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution*

*Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of April, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE